LIVERA, Aldo L., Jr. and Alpha Hermetic, Inc., C.M.R. Industries, Inc., Charles Donald McAllister, Jr., and Alice Ann McAllister, Susan Livera and Livera Company

v.

FIRST NATIONAL STATE BANK OF NEW JERSEY, Patrick Wallace, Ben Berzin, Jr., "A", "B", Michael Cardenas, in his capacity as Administrator of the Small Business Administration, Ronald Langell, "C", "D" and the United States of America.

FIRST NATIONAL STATE BANK OF NEW JERSEY Defendant & Third Party Plaintiff

v.

Susan LIVERA and the Livera Company Third Party Defendants (Two Cases).

Appeal of U.S. SMALL BUSINESS ADMINISTRATION and the United States of America.

LIVERA, Aldo L., Jr. and Alpha Hermetic, Inc., C.M.R. Industries, Inc., Charles Donald McAllister, Jr., and Alice Ann McAllister, Susan Livera and Livera Company, Appellants in No. 88–5216,

v.

FIRST NATIONAL STATE BANK OF NEW JERSEY, Patrick Wallace, Ben Berzin, Jr., "A", "B", Michael Cardenas, in his capacity as Administrator of the Small Business Administration, Ronald Langell, "C", "D" and the United States of America.

Nos. 88–5187, 88–5216.

United States Court of Appeals, Third Circuit.

Argued Jan. 10, 1989.

Decided July 18, 1989.

Rehearing and Rehearing In Banc Denied Aug. 17, 1989.

---

See also 100 F.R.D. 271.

Samuel A. Alito, Jr., U.S. Atty., Vincent E. Gentile, Asst. U.S. Atty., Chief, Civ. Div., Linda P. Rodriguez (argued), Sp. Asst. U.S. Atty., Susan Cassell, U.S. Atty's Office, Newark, N.J., for U.S. Small Business Admin. and the U.S.

Edward C. Cerny, III (argued), Lane & Mittendorf, New York City, James L. Marketos, Lane & Mittendorf, Washington, D.C., for Aldo L. Livera, Jr., Alpha Hermetic, Inc., C.M.R. Industries, Inc., Charles Donald McAllister, Jr. and Alice Ann McAllister, Susan Livera and The Livera Co.

Before STAPLETON and MANSMANN, Circuit Judges, and HUYETT, District Judge.*

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

Before us is the remaining balance of litigation commenced in 1981 in which individuals and corporations owned by them sought injunctive relief and money damages arising out of a lending institution's alleged mishandling in both the granting and administering of a Small Business Administration ("SBA") guaranteed loan.

The government has recently filed an appeal from an order entered May 15, 1984 which precluded it from asserting a counterclaim against the plaintiffs (the "Livera group") for its alleged default on the SBA-guaranteed loan. The government was finally able to appeal the order when the district court entered a final judgment in the litigation on February 4, 1988. The Livera group cross-appealed, claiming that the same May 15, 1984 order improvidently

dismissed the action it had commenced against the SBA.

We conclude that the district court properly dismissed the Livera group's initial complaint because of its failure to file the requisite administrative claim before the SBA.

In refusing to allow the government to assert its counterclaim, however, the district court failed to consider the factors outlined by us in *Poulis v. State Farm Fire and Casualty Company,* 747 F.2d 863 (3d Cir.1984), which we have deemed to govern judicial determinations in dismissing actions. This represents an abuse of discretion necessitating a remand to the district court.

Finally, if, on remand, after analysis of the *Poulis* factors, the district court determines the dismissal was unwarranted and permits the government's counterclaim to stand, the Livera group shall be given the opportunity to respond to the counterclaim by asserting a defense of recoupment grounded on the allegations in its original complaint.

### I.

As part of the Small Business Administration's guaranteed loan program designed to assist small businesses in obtaining credit, First National State Bank made a $150,000 loan to Alpha Hermetic, Inc. in 1980. Under the program, should all other guarantors default in their obligations, ninety percent of the loan was guaranteed by the SBA. Here, the loan was personally guaranteed by certain of the individual and corporate plaintiffs to this lawsuit, Aldo Livera, Donald and Alice McAllister and C.M.R. Industries, *i.e.,* the Livera group. Similar guarantees were signed by Susan Livera and the Livera Company.

In 1981 suit was commenced by the Livera group, alleging that the SBA and certain of its employees, acting through First National State Bank,[1] deprived it of the

---

\* Honorable Daniel H. Huyett 3rd of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1. The complaint also named First National State Bank as a defendant. The bank filed an answer and a counterclaim for the unpaid loan balances not entitled to SBA reimbursement. The

regulatory protections and benefits of the Small Business Act and charged a variable and usurious rate of interest on a loan issued by the bank under the guaranteed loan program.

Six months after the action was filed, the SBA received permission from the district court to file an amended answer and to assert a counterclaim against the Livera group for the ninety percent portion of the loan which the SBA had reimbursed to the bank. Although the Livera group, Susan Livera and the Livera Company were aware of the contents of these pleadings and were presented with copies, the amended answer and counterclaim were not served or filed in accordance with procedural rules.

In March 1983 the government moved for dismissal of the Livera group's claims, contending that the district court lacked subject matter jurisdiction. The government argued that since the Livera group's claim arose under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1948), the Livera group's failure to file the statutorily prescribed administrative claim before the appropriate agency under 28 U.S.C. § 2401(a) precluded the present action. In the same motion, the government also attempted to reassert its counterclaim for the balance due on the loan. The district court dismissed the complaint, agreeing that the Livera group's failure to file the prerequisite administrative claim was fatal to its cause of action before the district court. The Livera group requested reconsideration and also asked for clarification of the status of the SBA's counterclaim. The motion for reconsideration was denied. As to the counterclaim, the district court stated that the government "failed to serve and file an amended answer with proposed counterclaim" and that "its request to assert a counterclaim at this point in the proceedings, *nunc pro tunc*, is denied." App. at 124. The government filed a notice of appeal; however, upon threshold jurisdictional inquiry from us, it decided that the order was interlocutory and voluntarily withdrew the appeal without our final determination as to appealability.

In May 1985, the government, on behalf of the SBA, commenced a separate, plenary action in the district court against the Livera group, raising the same allegations concerning the unpaid balance of the loans as in its previous counterclaim in the 1981 action.[2] The Livera group moved for dismissal based upon the district court's adverse ruling on the government's counterclaim in the 1981 action. The motion was granted by the district court and a final order, dismissing "with prejudice" all claims of the government against the plaintiffs, was entered on January 14, 1986. An order denying the government's motion for reconsideration was entered on March 27, 1986 from which the government noticed an appeal to this court. The government, however, did not prosecute the appeal, securing an order of dismissal on its own motion in July 1986.

On February 4, 1988, with respect to the original 1981 case, the district court entered a final order dismissing the 1981 action, it appearing that all claims not previously dismissed had been settled or compromised to the satisfaction of the parties.

bank later moved to amend its answer to include a third-party complaint against Susan Livera and the Livera Company. The history of the third-party complaint is discussed, *infra*. At 1191–1194. All claims between the Livera group, Susan Livera, the Livera Company and the bank have either been dismissed or settled.

**2.** The government claims that in an April 1985 conference counsel for both sides stated that they were going to present their dismissed claims in a new action. The government contends that, upon discovering a statute of limitations problem which would preclude the Livera group from filing an administrative claim under the Federal Tort Claim Act, the parties agreed that the government would file the new action in which the plaintiffs could counterclaim since, under the Federal Tort Claims Act, an administrative claim is not a condition precedent to a cognizable counterclaim.

The district court did not mention this agreement in deciding to grant the plaintiffs' motion for summary judgment in the plenary action based upon the order precluding the SBA's assertion of a counterclaim in the 1981 action. We likewise make no comment on the government's factual presentation which is dehors the record.

The government now seeks review of the 1984 order entered in the 1981 action. Particularly, the government seeks to reinstate its counterclaim for the unpaid balance of the loan and to proceed to trial.

■ The Livera group filed a motion to dismiss this appeal premised on principles of res judicata. It alleges that the 1986 order dismissing the government's plenary action was an adjudication on the merits of the government's counterclaim in the present matter and, accordingly, deprives us of subject matter jurisdiction to hear this appeal.

The Livera group's characterization of the doctrine of res judicata is misplaced. While it is true that res judicata can be applied to bar relitigation of claims previously decided on the merits, res judicata is an affirmative defense and not a doctrine which would defeat subject matter jurisdiction of this court.

In any event, although the district court in granting the Livera group's summary judgment motion in the plenary action referenced the "res judicata" effect of its May 15, 1984 order dismissing the SBA's counterclaim for failure to prosecute under Fed. R.Civ.P. 41(b), it obviously meant that it had already ruled on the issue and would not do so again in a different posture. The district court's use of this language has no preclusive effect on us. The May 15, 1984 order was interlocutory and did not become final until the district court entered its order on February 4, 1988 disposing of the 1981 action.

The government's withdrawal of its appeal in the plenary action, which could have been interpreted as a collateral attack on the May 15, 1984 order, likewise has no res judicata effect on our consideration of an issue which has now finally "matured" for appealability purposes. We will therefore deny the motion to dismiss for lack of subject matter jurisdiction and proceed to the merits of the appeal.

Our jurisdiction is premised on 28 U.S.C. § 1291. When a district court enters its final order terminating a litigation, orders previously entered during the course of the action can be reviewed by us if so requested by an aggrieved party.

To the extent that the Livera group argues that the district court's judgment against the government in this case should be affirmed on the alternative ground that its claim is barred by the res judicata effect of the unappealed judgment in the plenary action, we are unpersuaded. The judgment in the plenary action is based upon the res judicata effect of the May 15, 1984 order, which is the judgment the government appeals in the present action. The Livera group, therefore, asks this court to bar appeal of the May 15, 1984 order on the basis of the judgment in the plenary action which was in turn entirely dependent upon the May 15, 1984 order. We cannot accept this argument because it ignores the governing principle of claim preclusion embodied in Fed.R.Civ.P. 60(b)(5).

Fed.R.Civ.P. 60(b)(5) provides in pertinent part as follows:

(b) Mistakes; Inadvertence; Excusable Neglect; New Discovered Evidence; Fraud, etc.

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from final judgment, order or proceeding for the following reasons:

(5) ... a prior judgment upon which it is based has been reversed or otherwise vacated....

This rule typically operates in the situation where Party A prevails on the merits in court 1, and subsequently uses that decision to execute judgment against Party B in court 2. Rule 60(b)(5) enables Party B to set aside the judgment in court 2 if it prevails in an appeal of court 1's decision. Thus, the rule plainly contemplates that the entry of judgment in court 2 will not bar appeal of the judgment in court 1 where the judgement in court 2 is based upon the judgment in court 1.

The situation in this case is functionally no different from the typical situation described above, although here, unlike the typical case, it was Party B—the government—who *initiated* the action in court 2. This is a distinction without a difference,

however, because in this case, as in the typical case, the second judgment was based solely upon the effect of the first judgment. Thus, to bar appeal of the first judgment here plainly cannot be squared with Rule 60(b)(5).

## II.

■ At the outset, we must decide which of several named plaintiffs are properly joined as parties to this action. The Livera group argues that the district court never acquired personal jurisdiction over Susan Livera and the Livera Company. More specifically, it relies on an order dated April 21, 1983, in which the district court granted these parties' motion to quash service of process, arguing that "the court determined by its order quashing process that personal jurisdiction never was acquired by a valid service of process." Brief for Appellants–Cross Appellees at 38. We disagree.

The Livera group mischaracterizes the circumstances surrounding the district court's April 21, 1983 order, and thus misinterprets its significance. As we have set forth above, the defendant First National State Bank, in conjunction with denying the allegations of the complaint in its answer, filed a counterclaim against the Livera group demanding the amount due and owing on the loans. The bank then moved to amend its answer and counterclaim to include a third-party complaint against Susan Livera and the Livera Company as additional guarantors of Alpha Hermetic's obligations under the loan.

On December 13, 1982, the district court granted the bank's motion for permission to file a third-party complaint against Susan Livera and the Livera Company, pursuant to Fed.R.Civ.P. 14, after concluding that "all claims arose out of the same transaction and occurrence, and complete relief could not be afforded without the obligations of [these parties] being adjudi-

cated." [3] App. at 96. Thereafter Susan Livera and the Livera Company were personally served with the Third Party Summonses and Complaints, see App. at 4 (docket entry # 28), which alleged liability "pursuant to the terms of a certain guaranty agreement whereby these plaintiffs unconditionally guaranteed payment when due of each and every liability of Alpha Hermetic Inc. to defendant...." App. at 51.

Susan Livera and the Livera Company subsequently moved to dismiss the complaint against them. After hearing argument, the district court granted the motion, however, on grounds unrelated to any claim of defective service of process. Rather, in an opinion filed on April 21, 1983, the district court concluded that it had previously erred in bringing these parties in under Fed.R.Civ.P. 14. It reasoned that, although Rule 14 "provides that a defendant party, as a third-party plaintiff, may summon a person, not a party to the action, who is or may be liable to him for all or part of the plaintiff's claim against him ..." and should be liberally construed, it did not "fit the facts of this case" inasmuch as the damages faced by the bank were not those to which these parties were allegedly liable to the bank; the liability faced by the bank was for damages arising out of violation of federal law whereas Susan Livera and the Livera Company were allegedly liable to the bank for the obligations of Alpha Hermetic. App. at 97. As a result, the district court concluded that Rule 14 could not be "liberalized to encompass the present situation ... [thus] the motion of Susan Livera and the Livera Company to dismiss is granted." Id.

Significantly, the court went on to hold that "while under rule 14 the third-party complaint must be dismissed, Fed.R.Civ.P. 19 contemplates the proper joinder of Su-

3. Fed.R.Civ.P. 14(a) provides in pertinent part as follows:
(a) When Defendant May Bring in Third Party.
At any time after commencement of the action a defending party, as a third-party plain-tiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

san Livera and the Livera Company." *Id.* The court reasoned that:

> Rule 19 allows joinder if the court has jurisdiction over the subject matter and parties and complete relief cannot be granted amongst those already parties without such joinder. The purpose of the rule stresses the desirability of joining those persons in whose absence the court would be obliged to grant only partial relief. Thus, if these persons are amenable to the jurisdiction of the court and can be served with process, they should be joined....
>
> ... [T]he parties are New Jersey residents and are subject to service of process here.... Thus, defendant's motion to join Susan Livera and the Livera Company as parties in this action is granted. Two orders accompany this opinion.

App. at 98.

The Livera group relies on one of the two orders issued by the district court following its opinion; the order provided in pertinent part:

> THIS MATTER HAVING BEEN OPENED TO THE COURT BY ... attorneys for third-party defendant, Susan Livera and The Livera Company, now, upon motion of the aforesaid third-party defendants for an order quashing the service of the third-party summonses and dismissing the third-party complaint, it is on this 21st day of April, 1983,
>
> ORDERED that the aforesaid motion be granted.

App. at 102 (hereinafter "order # 1"). Specifically, the Livera group asserts on the basis of this order that "[a]fter the summonses were quashed, it was as if they had never existed," Brief for Appellants–Cross Appellees at 37, and further that the district court indicated its belief that service of process had not properly been effectuated when it declared that the parties are '*subject* to service of process'; rather than that they had been served. *Id.* We are unpersuaded by this strained analysis.

The principal problem with the Livera group's position is that it ignores the language of the district court's second order (hereinafter "order # 2"), issued simultaneously with order # 1, which granted the bank's request to bring in the Livera Company and Susan Livera as follows:

> IT IS on this 21st day of April, 1983;
>
> ORDERED, that Susan Livera and the Livera Company be and they are hereby joined as party plaintiffs to the above action, and it is further
>
> ORDERED, that Susan Livera and the Livera Company file responsive pleadings upon all parties to this action within 20 days of the date of this order, and it is further
>
> ORDERED, that the caption of this case be amended to provide for Susan Livera and the Livera Company as party plaintiffs without the necessity of further pleadings and that *the Third Party Complaint already on file being herewith designated as a counterclaim without the necessity of further amending or other motions to effectuate this order.*

App. at 100 (emphasis added). Since the district court merely redesignated the bank's claim as a counterclaim pursuant to Fed.R.Civ.Pro. 19, under the express terms of order # 2, no new process was necessary.

We agree with the government that the correct interpretation of the opinion and orders at issue here is that order # 1 followed from the court's conclusion that the third-party complaint under Fed.R.Civ.P. 14 had been erroneously granted and *not* because it believed service of process was inadequate. Indeed, we find absolutely no basis in the record for the assertion that the district court considered service of process upon Susan Livera and the Livera Company to be defective.

There is no question that these parties were served with third-party summonses and complaints, and there is no reference to inadequacy of this process in any of the district court's orders or opinions. Indeed, the fact that the district court directed responsive pleadings from these parties within 20 days clearly manifested its understanding that adequate process had been served and no new process would be issued. The Livera group's reliance on the

court's statement that "the parties are New Jersey residents and are subject to service of process here" is entirely misplaced. That language merely reiterates the test of Fed.R.Civ.P. 19, which provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if...." More important, we are confident that, insofar as the district court was fully aware of the parties' claim of defective process, had it accepted that argument it would have expressly so declared, rather than relying on an oblique suggestion of such in its opinion. On the basis of this reasoning, we can only conclude that the district court considered the process received by Susan Livera and the Livera Company to be fully adequate.

We further conclude, as did the district court by virtue of order # 2, that there was no need to re-serve Susan Livera and the Livera Company after its April 21, 1983 opinion. Receipt of the first summons plainly informed the parties here that a lawsuit had been commenced against them and the complaint provided actual notice of the claims asserted against them. The court's order # 2 directed them to file an answer to that claim within twenty days and they did. It is uncontroverted that the claim asserted against the parties at present is the same as was served them in the third-party complaint. Although the documents served were captioned "Third Party Summons" and "Third Party Complaint" and were incorrectly served pursuant to Rule 14 instead of Rule 19, we find these errors insignificant; the court acquired personal jurisdiction over Susan Livera and the Livera Company by personal service of process and they were in no way misled or prejudiced in their ability to defend this action as a result of these discrepancies.

Thus, we hold that, at least for purposes of this appeal, Susan Livera and the Livera Company are proper parties to this action.

### III.

At the heart of this procedural quagmire is the basic question of whether the district court erred in dismissing the SBA's amended answer and counterclaim without undertaking a consideration of the factors outlined by us in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir.1984). In *Poulis*, we set the standards to be employed in deciding whether the extreme measure of dismissal is an appropriate sanction for procedural default. The threshold question which must be addressed, however, is whether the district court initially erred in granting the government the right to assert the claim. This query serves as a basis for the cross-appeal filed in this action by the Livera group.

The Livera group acknowledges that liberal amendment of pleadings is the call of the day, nonetheless, it alleges that here the district court was misled as to the reason for the long delay causing the government's tardy response to its complaint and, this being so, that the court abused its discretion in affording the government the opportunity to present the late pleadings. The Livera group contends that the court should have requested more detailed information regarding the cause of the delay and alleges further that, if the court had so inquired, it would not have found just cause to permit the filing.

The Livera group's concession that liberal pleading requirements are favored was not misplaced. Although it asserts that it was prejudiced by allowance of the late pleadings because it relied on the government's inactivity and did not file an administrative claim, the Livera group was unable to state affirmatively that the statute of limitations governing the time limits for filing of the administrative claim had expired at the time the government was granted leave to file its amended answer and counterclaim. We thus can discern no abuse of discretion in the district court's original grant of leave to the government to file its late pleadings.

We turn now to the district court order of May 15, 1984, which, in effect, dismissed

the government's counterclaim for failure to follow the original order granting the government leave to amend its pleadings and to file the counterclaim.

In regard to the viability of its claim, the government argues that the portion of the order which foreclosed its opportunity to pursue its counterclaim for the unpaid balance of the loan represented an extreme sanction and that the district court's refusal to consider the *Poulis* factors in dismissing the claim was reversible error.

Our scope of review is whether the district court abused its discretion in dismissing the government's counterclaim. *Dunbar v. Triangle Lumber and Supply Co.*, 816 F.2d 126 (3d Cir.1987).

Because meritorious claims or defenses may be precluded, we have cautioned that dismissal should be imposed only as a sanction of the last resort. *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir.1984). Whether an order of dismissal is a proper exercise of a district court's discretion is measured by a six-fold test:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders ...; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than a dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Dunbar v. Triangle Lumber Co.*, 816 at 126, 128, *quoting Poulis*, 747 F.2d at 868.

Although the parties have presented us with their respective positions concerning the application of the *Poulis* factors here, such a determination falls outside our review powers. It is the function of the appellate court to determine if the court properly balanced the *Poulis* factors and whether the record supports its findings. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 786, 102 L.Ed.2d 777 (1989). Here the district court simply did not undertake any *Poulis* balancing. Although some reviewing courts in the absence of a district court

analysis have applied their own *Poulis* test, *see Ali v. Sims*, 788 F.2d 954 (3d Cir.1986), we do not undertake this task here as it would require factual findings not within the parameters of our review. We therefore determine that the case must be remanded to the district court for consideration of the *Poulis* factors.

### IV.

 We further hold that the district court did not err in dismissing the complaint against the SBA for lack of jurisdiction. The essence of the Livera group's complaint set forth a dispute which constituted an administrative matter under 28 U.S.C. § 2675(a) which must first be presented to the proper agency. As correctly noted by the district court, this is a jurisdictional requirement not subject to waiver by the government. *Kielwien v. United States*, 540 F.2d 676 (4th Cir.) *cert. denied*, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed. 2d 588 (1976). Because the Federal Tort Claims Act constitutes a waiver of sovereign immunity, the Act's established procedures have been strictly construed. *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11 (3d Cir.1975), *overruled on other grounds*, 659 F.2d 306 (3d Cir.1981), *cert. denied*, 458 U.S. 1121, 102 S.Ct. 3509, 73 L.Ed.2d 1383 (1982).

Arguing in opposition to the propriety of the district court's dismissal of its complaint, the Livera group in sum claims that the district court mischaracterized the scope and nature of the claims against the SBA.

First, the Livera group argues that the court should have found sufficient compliance with the notice requirements of the Federal Tort Claims Act and cites *Blue v. United States*, 567 F.Supp. 394 (D.Conn. 1983), as authority that its action survives dismissal. In *Blue*, the district court found the jurisdictional requirements of § 2675(a) to have been satisfied when the agency involved was given adequate notice to investigate the claim and responded to it. The dicta of *Blue* does not help the Livera group. We agree with the district court

here that the Liveras failed to carry the burden of establishing that even the rudiments of an administrative claim were filed.

In *Dunn v. United States*, 775 F.2d 99 (3d Cir.1985), we reinforced prior holdings that timebars with respect to the filing of claims against the United States must be strictly construed. *See Tucker v. United States Postal Service*, 676 F.2d 954 (3d Cir.1982) (presentation of claim within two years to agency is critical event for satisfaction of statute of limitations). Although we have on occasion afforded a liberal interpretation to the *contents* of the pleadings, we have remained steadfast to a strict application of the filing requirements themselves. Even if we were to accept the Livera group's contention that its filing of the complaint in district court provided sufficient notice to the government agency involved, we are nonetheless compelled to find the complaint inadequate for administrative purposes under the Tort Claims Act since the complaint failed to state damages in a sum certain as mandated by 28 C.F.R. § 14.2(b)(1), which sets forth the content standards required for tort claims against the United States.

Second, the Livera group argues that accompanying its tort claim was a statutory claim for money damages under the Tucker Act, 28 U.S.C. §§ 1346, 1491 (1948), which could not have been adjudicated in the administrative forum.

The district court's review of the complaint failed to discern a contractual claim against the SBA and our plenary review reveals no cause to deviate from this decision. Although some of the complaint's allegations contain contractual nomenclature, no stretch of the language of the complaint describes a Tucker Act cause of action.

A Tucker Act cause of action is also foreclosed for jurisdictional reasons. Under the Tucker Act, the United States

Claims Court and the district courts share original jurisdiction over non-tort monetary claims against the United States for amounts not exceeding $10,000. 28 U.S.C. § 1346(a)(2). Original jurisdiction over claims seeking more than $10,000 vests exclusively in the Claims Court. *Chabal v. Reagan*, 822 F.2d 349 (3d Cir.1987); 28 U.S.C. § 1491. Accordingly, the Livera group's assertion of damages in excess of $10,000, if indeed raised in the context of a contractual action, removes its claim from the jurisdiction of the district court. Also, there is no evidence to support the contention that each individual Tucker Act claim of each plaintiff is less than $10,000 which might arguably vest jurisdiction within the district court, *see Petersburg Borough v. United States*, 839 F.2d 161 (3d Cir.1988).

■ Third, when the Livera group moved for reconsideration of the court's dismissal of its claims against the SBA, it also raised the possibility that its claims, in the context of the possible viability of the SBA's counterclaim, were recognizable under the doctrine of recoupment. We do find merit to the position that a recoupment defense remains available to the plaintiffs. A recoupment claim against the United States government "arises out of the same transaction or occurrence as the main suit and the relief sought neither exceeds nor is different from that demanded by the sovereign." *United States v. Penn*, 632 F.Supp. 691, 693 (D.V.I.1986).

The government contests the availability of a recoupment defense here because its action is purely contractual and the Livera group's claim sounds in tort. We, however, do not adhere to the theory that recoupment is defeated by a tort/contract distinction. Withstanding the authority cited by the government in support of its argument (*Federal Deposit Insurance Corporation v. Shinnick*, 635 F.Supp. 983 (D.Minn.1986)), the more persuasive authorities are to the contrary.[4] The Su-

---

**4.** Indeed, reliance upon this same case was criticized by the Court of Appeals for the Eighth Circuit in *United States v. Johnson*, 853 F.2d 619 (8th Cir.1988). The court in *Johnson* noted that *Shinnick* was based on an erroneous interpreta-

tion of *Frederick v. United States*, 386 F.2d 481 (5th Cir.1967), and that it was made clear in *United States v. Irby*, 618 F.2d 352 (5th Cir. 1980), which antedated *Frederick*, that a tort

preme Court has held that when the United States institutes an action, a defendant may assert by way of recoupment *any claim* arising out of the same transaction or occurrence as the original claim in order to reduce or defeat the government's recovery. *United States v. U.S. Fidelity and Guaranty Company*, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940). *See also In re Monongahela Rye Liquors*, 141 F.2d 864, 869 (3d Cir.1944) (nature of recoupment defense arises from feature of transaction upon which primary action is based). The respected treatises which discuss the recoupment doctrine are in accord. *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1427 (1971 & Supp.1988); 3 J. Moore, Moore's Federal Practice §§ 13.02, n. 1, 13.26 (1988). The Livera group's allegations against the SBA, arising out of the administration of the very loan which the government seeks to collect against, firmly fits within the encompassing language regarding the availability of a recoupment defense.

## V.

We conclude, therefore, that the matter must be remanded to the district court to consider whether, under *Poulis*, dismissal of the government's counterclaim is an appropriate sanction upon the government for its tardy handling of this matter. If the court determines that dismissal is inappropriate, the Livera group is entitled to assert its recoupment defense.

claim may be asserted to recoup a government · contract claim. *Johnson,* 853 F.2d at 631, n. 5.