**David FERGUSON, et al.**

**v.**

**UNITED STATES Of America, et al.**

**Civ. A. No. 91–7097.**

United States District Court,
E.D. Pennsylvania.

June 29, 1992.

---

**5.** Fed.R.App.P. 22. **6.** Fed.R.App.P. 24.

Mitchell L. Paul, Philadelphia, Pa., for plaintiffs.

Debra L.W. Cohn, U.S. Attorney's Office, Philadelphia, Pa., for U.S.

Richard S. March, Galfand, Berger, Lurie & March, Philadelphia, Pa., for Edens.

1. Rule 12(b)(1) provides:
 Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading

## MEMORANDUM

BARTLE, District Judge.

Plaintiff David Ferguson has instituted this negligence action against defendant the United States of America pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiff has also sued defendant William Edens t/a Edens Tree Service ("Edens") for negligence and breach of contract. Plaintiff Joan Ferguson, the wife of David Ferguson, has a claim for loss of consortium.

Before the Court is the Motion of the United States to Dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure or in the Alternative for Summary Judgment.[1] The Government contends that the claim of plaintiff David Ferguson is barred by the independent contractor exception to the Federal Tort Claims Act. It further argues that the claim of plaintiff Joan Ferguson is barred because she failed to exhaust certain administrative remedies.

Plaintiff David Ferguson alleges he was injured on January 7, 1991 when he slipped and fell as a result of "hills and ridges of ice and snow" on the parking lot of the Internal Revenue Service Payment Center ("IRS") at 11601 Roosevelt Boulevard, Philadelphia, Pennsylvania. He contends the accident was the result of the negligence and carelessness of the defendants, who had a duty under law to maintain the premises in a reasonably safe condition, and keep them free of dangerous ice and snow.

Since the Motion of the United States against plaintiff David Ferguson is supported by matters outside the pleadings, it will be treated as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Fed. R.Civ.P. 12(b); *Boyle v. Governor's Veterans Outreach & Assistance Center*, 925 F.2d 71, 74 (3d Cir.1991). Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that "the judgment

thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter.

sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

 The law to be applied in deciding summary judgment motions is well settled. To obtain summary judgment the moving party must establish that no genuine issue of material fact remains in dispute. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In deciding whether this standard has been met, the evidence must be viewed in the light most favorable to the non-moving party. *Weldon v. Kraft, Inc.*, 896 F.2d 793, 797 (3d Cir.1990).

 In support of its motion, the United States relies on 28 U.S.C. § 2671, the independent contractor exception to the Federal Tort Claims Act. Section 2671 provides in pertinent part:

"Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States and corporations primarily acting as instrumentalities or agencies of the United States, *but does not include any contractor with the United States.* [Emphasis added]

The Federal Tort Claims Act waives sovereign immunity for actions sounding in tort against the United States, its agencies and/or employees acting within the scope of employment. *J.D. Pflaumer v. U.S. Department of Justice*, 450 F.Supp. 1125, 1132 n. 11 (E.D.Pa.1978). Actions based upon the negligence of independent contractors, however, are specifically excluded from the Federal Tort Claims Act's waiver of sovereign immunity. 28 U.S.C. § 2671. *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 530, 93 S.Ct. 2215, 2220–21, 37 L.Ed.2d 121 (1973).

The United States contends that it was the responsibility of Edens, with whom the United States had a contract, to remove snow and ice. Under the express terms of the contract, Edens alone was responsible for all aspects of this work. The contract between the Government and Edens provides in pertinent part:

### B.1 DESCRIPTION

The contractor shall provide all management, supervision, labor, supplies and equipment (except as otherwise specified) to furnish snow removal/de-icing services for the IRS Philadelphia Service Center, 11601 and 11501 Roosevelt Blvd., Philadelphia, PA 19154.

 The plaintiff David Ferguson, however, has not sued the Government for failing properly to remove the snow and ice. Instead, he alleges that the Government did not call Edens soon enough to have the snow and ice removed, and as a result suffered injuries when he fell on the unremoved snow and ice.

In addition, Paragraph C.2 of the contract provides that Edens perform snow removal services at the IRS Payment Center only when requested by the IRS to do so.

### C.2 ORDERING SERVICES

*Snow removal and de-icing services shall be performed when ordered by Contracting Office's Technical Representative (COTR) or his/her designee, who will specify the line items of service being requested.* Generally, services will be requested between 5:00 PM and 7:00 AM, as parking areas, driveways, and entrance, will be clear at that time. However, services may also be ordered during working hours if conditions warrant.

*Service will be ordered via telephone.* The contractor shall provide the COTR with a list of telephone numbers where a contractor representative may be contacted 24 hours per day, 7 days per week, to receive an order for services. A written delivery order will be issued to the contractor by the Contracting Office as a follow-up to each telephonic order. [Emphasis added]

Janet Edens, who handles the IRS account on behalf of Edens Tree Service, stated in her affidavit, consistent with the terms of the contract, that Edens could *only* begin work if it received a phone call from IRS. The Government has not produced an affidavit or other evidence that the call was in such a timely fashion as to negate its negligence. Thus, genuine issues of material fact remain. As a result, the Motion of the defendant United States of America for Summary Judgment as to plaintiff David Ferguson will be denied.

■■■ The United States next contends that plaintiff Joan Ferguson failed to exhaust her administrative remedies since she did not file an administrative claim prior to instituting this suit. She concedes that she has not filed such a claim. Under the Federal Tort Claims Act, an action cannot be instituted against the United States unless the claimant first presents the claim to the appropriate federal agency and the claim is denied. 28 U.S.C. § 2675.[2] This provision is jurisdictional and cannot be waived. *Bialowas v. United States*, 443 F.2d 1047, 1048–49 (3d Cir.1971). "Each claimant must submit an independent and separate claim to the appropriate administrative agency for review and possible settlement." *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 23 (3d Cir.1975). Plaintiff, however, argues that since her claim for loss of consortium, under applicable Pennsylvania law, is wholly derivative of her spouse's claim, she should not be required to file an administrative claim when her spouse has done so for his claim.[3]

In *Mudlo v. United States*, 423 F.Supp. 1373 (W.D.Pa.1976), the district court granted summary judgment in favor of the Government due to plaintiff-wife's failure

to file an administrative claim. In so holding, the district court relied upon *Bialowas* for the proposition that no exceptions to the requirement of filing a claim are to be implied. See *Mudlo*, 423 F.Supp. at 1375. See also *Collins v. General Motors Corp.*, 101 F.R.D. 1, 3 (W.D.Pa.1982); *Commonwealth of Pennsylvania v. National Association of Flood Insurers*, 520 F.2d 11, 23 (3d Cir.1975).

■■■ Despite the fact that Joan Ferguson's right to compensation for loss of consortium would not exist but for the injuries to David Ferguson, the law of Pennsylvania confers separate and distinct rights upon husband and wife and requires separate verdicts to be returned. *Barchfeld v. Nunley*, 395 Pa.Super. 517, 519, 577 A.2d 910, 912 (1990); *Collins, supra* at 3 citing *Nunamaker, et ux. v. New Alexandria Bus Co.*, 371 Pa. 28, 88 A.2d 697 (1952). Under the circumstances of this case as well as compelling precedent, Joan Ferguson's failure to pursue her administrative remedies prior to commencing suit deprives this Court of jurisdiction over her claim.

The motion of the defendant United States of America to dismiss for lack of subject matter jurisdiction as to the claim of plaintiff Joan Ferguson will be granted.

## ORDER

AND NOW, this 29th day of June, 1992, it is hereby ORDERED that:

1. The motion of the defendant United States of America for summary judgment as to the plaintiff David Ferguson is DENIED.

2. The motion of the defendant United States of America to dismiss for lack of

---

**2.** The Federal Tort Claims Act provides, in pertinent part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and

his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.... 28 U.S.C. § 2675(a).

**3.** The Federal Tort Claims Act provides, with certain exceptions not relevant here, that the law of the state where the acts of negligence and injury occurred shall be applied in determining the government's liability. See 28 U.S.C. § 2674. See *Toole v. U.S.*, 588 F.2d 403 (3d Cir.1978).

subject matter jurisdiction as to plaintiff Joan Ferguson is GRANTED.