**Pamela JOHNSON and Kevin Johnson, h/w, Cynthia Muse and Edward Muse, h/w**

v.

**UNITED STATES of America and Carlos Bryan.**

**Civ. A. No. 92–CV–6426.**

United States District Court, E.D. Pennsylvania.

March 19, 1993.

op. at 7–9 [citation omitted].

Bruce Martin Ginsburg, Philadelphia, PA, for plaintiffs.

James G. Sheehan, Karen E. Rompala, Philadelphia, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This personal injury action has been brought before the Court upon motion of the defendants United States of America and Carlos Bryan to dismiss the claims of plaintiffs Kevin Johnson and Edward Muse for failure to exhaust their administrative remedies and to thereby state a claim upon which relief can be granted. As outlined in the complaint, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(b).

Briefly stated, the relevant facts underlying the instant case are as follows. On June 28, 1991, defendant Bryan was operating a United States Postal Service vehicle in the course and scope of his employment with that agency when he was involved in an accident near the intersection of 54th and Berks Streets in Philadelphia with an automobile which was owned by the plaintiff Kevin Johnson and was being operated by his wife, Pamela Johnson. At the time of the accident, plaintiff Cynthia Muse was a passenger in the Johnson vehicle. Both Pamela Johnson and Cynthia Muse suffered personal injuries as a result of the June 28, 1991 collision for which they here seek redress. Their husbands, in turn, seek damages for loss of their wives' consortium and Kevin Johnson wishes to receive monetary compensation for the property damage sustained by his motor vehicle. Although Pamela Johnson and Cynthia Muse filed administrative claims for their injuries in the amounts of $101,231 and $100,000 respectively with the United States Postal Service on December 3, 1991, those claims were both rejected by the Postal Service on June 17, 1992. Apparently, no claims were submitted on behalf of Kevin Johnson or Edward Muse with the Postal Service however, until February 10, 1993, some thirteen days after the Defendants filed the instant motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6).

■ It is axiomatic that the purpose of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief, i.e., to test the law of the claim and not the facts which support it. *U.S. v. Marisol, Inc.*, 725 F.Supp. 833, 836 (M.D.Pa.1989); 5A C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d*, § 1356 at 294 (1990). In deciding a motion to dismiss under Rule 12(b)(6), all material allegations pleaded and all reasonable inferences that can be drawn from them must be accepted as true and construed in a light most favorable to the non-moving party. *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990); *Ambrogi v. Gould, Inc.*, 750 F.Supp. 1233, 1241 (M.D.Pa.1990). *See Also: Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 809 (3rd Cir.1990). A complaint may thus be dismissed only if it appears certain that the plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988); *Sturm v. Clark*, 835 F.2d 1009 (3rd Cir.1987).

■ Additionally, although Fed.R.Civ.P. 8(c) generally mandates that all affirmative defenses be raised in an answer to the preceding pleading, an exception to this requirement is recognized and a motion to dismiss on this basis has been considered by the Third Circuit and several other courts at least where the defense appears clearly on the face of the pleading or where the challenged pleading itself indicates that the defense exists. *See Generally: McCalden v. California Library Assn.*, 919 F.2d 538, 543 (9th Cir.1990); *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3rd Cir. 1978); *Williams v. Murdoch*, 330 F.2d 745, 749 (3rd Cir.1964); *Galvin v. Lloyd*, 663 F.Supp. 1572, 1578 (D.Conn.1987).

■ A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, on the other hand, can be granted when the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdic-

tion or is wholly insubstantial and frivolous. Unlike the Rule 12(b)(6) motion, the *plaintiff* bears the burden of persuasion where a 12(b)(1) motion is presented. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir.1991) citing, *inter alia, Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Mortensen v. First Federal Savings and Loan Association,* 549 F.2d 884, 891 (3rd Cir.1977). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. *Bartholomew v. Librandi,* 737 F.Supp. 22 (E.D.Pa.1990), aff'd, 919 F.2d 133 (3rd Cir. 1990). A Rule 12(b)(1) motion is usually considered an appropriate vehicle when the plaintiff has failed to exhaust administrative remedies that are a prerequisite to his suit. 5A, C. Wright and A. Miller, *Federal Practice and Procedure: Civil 2d* § 1350 at 195 (1990). While the court may postpone a decision on the jurisdictional issue in order to allow for the presentation of evidence on that matter if none has been provided or if that which has been offered is inconclusive, once it finds that no jurisdiction exists, it should grant the motion to dismiss. *See, e.g.: Rand v. Monsanto Co.,* 926 F.2d 596 (7th Cir.1991); *Streeter v. Joint Industry Board of Electrical Industry,* 767 F.Supp. 520, 525 (S.D.N.Y. 1991).

■ In commencing the instant action, the Plaintiffs have invoked the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Section 2675(a) of that Act clearly requires the filing of an administrative claim with the agency from which recovery is being sought as a prerequisite to the initiation of a private civil lawsuit. That section provides, in relevant part:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purpose of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

It has repeatedly been held and recognized that this requirement is jurisdictional and cannot be waived. *Richardson v. Knud Hansen Memorial Hospital,* 744 F.2d 1007, 1010 (3rd Cir.1984); *Clayton v. Pazcoquin,* 529 F.Supp. 245, 248 (W.D.Pa.1981).

At bar, it is obvious from paragraphs 11 and 12 of the Plaintiffs' complaint that in this case administrative claims were filed with and processed by the Postal Service on behalf of Mrs. Johnson and Mrs. Muse only. Moreover, in response to this motion, the Plaintiffs, through their counsel, have acknowledged that Mr. Johnson and Mr. Muse did not file their tort claim forms with the Post Office Accident Investigation Department until February 10, 1993. Inasmuch as those claims have yet to be disposed of (or six months' time has yet to elapse), this Court can reach no other conclusion but that Mr. Johnson and Mr. Muse have failed to exhaust their available administrative remedies and to satisfy the prerequisites prescribed under the Tort Claims Act for the commencement of this action. We therefore find that the motion to dismiss must be granted and Counts II and IV of Plaintiffs' complaint shall be dismissed without prejudice to plaintiffs Kevin Johnson and Edward Muse to re-file their complaint once the requirements of 28 U.S.C. § 2675(a) have been fulfilled.[1]

An appropriate order follows.

---

1. In support of their request that they be granted leave to amend to assert that they have now filed claims with the Postal Service or that the Court defer ruling on this motion until either six months have passed or the Post Office makes a determination on their tort claim forms, Plaintiffs have cited the case of *Campbell v. United States,* 534 F.Supp. 762 (D.C.Hawaii 1982). In

## ORDER

AND NOW, this 19th day of March, 1993, upon consideration of Defendants' Motion to Dismiss the Claims of Kevin Johnson and Edward Muse, it is hereby ORDERED that the Motion is GRANTED and Counts II and IV of the Plaintiffs' Complaint are DIS-MISSED without prejudice in accordance with the rationale set forth in the preceding Memorandum Opinion.

that case, however, the motion to dismiss for failure to exhaust administrative remedies was filed on the eve of trial, the plaintiff-husband *had* filed his claim *and* more than six months' time had elapsed. Consequently, the court found that, even though the complaint did not reflect it, the plaintiff in that case *had* exhausted his available remedies and thus the prerequisites for maintenance of a civil action had been met. It was for these reasons that leave to amend the complaint was granted in *Campbell* and it is for these same reasons that we do not find the *Campbell* court's rationale applicable here.