Colleen and James McDEVITT, h/w, Plaintiffs,

v.

UNITED STATES of America POSTAL SERVICE, Defendant.

Civil Action No. 96–7428.

United States District Court, E.D. Pennsylvania.

May 7, 1997.

Paul Mark Perlstein, Dranoff–Perlstein Associates, Philadelphia, PA, for Plaintiffs.

Scott A. Coffina, U.S. Attorneys Office, Philadelphia, PA, for Defendant.

**MEMORANDUM**

JOYNER, District Judge.

On November 4, 1996, Plaintiffs Colleen and James McDevitt instituted this action against Defendant United States of America Postal Service seeking damages arising from a motor vehicle accident between Mrs. McDevitt and a Postal Service employee. In Count II of the Complaint, Mr. McDevitt asserts a claim for loss of consortium as a result of this accident. Before the Court is Defendant's Motion to Dismiss Count II of the Complaint, or in the Alternative, for Partial Summary Judgment, and to Dismiss the United States Postal Service as a Defendant.[1] Plaintiffs agree that the United States Postal Service must be dismissed pursuant to 28 U.S.C. § 2679(a) and that the caption should reflect that the United States of America is the Defendant in this matter. Plaintiffs oppose the Motion insofar as it seeks the dismissal of Count II.

The relevant facts are uncontested. Plaintiffs allege that, on or about December 21, 1994, Mrs. McDevitt was injured in a motor vehicle accident with a Postal Service vehicle operated by a Postal Service employee in the course and scope of his employment. Mrs. McDevitt presented her administrative claim to the Postal Service, under cover letter from her attorney, by letter dated July 16, 1996. The only mention of Mr. McDevitt on this claim form was as an additional owner of the vehicle driven by his spouse when she was involved in the accident. Mr. McDevitt has filed no administrative claim of his own with the Postal Service. Mrs. McDevitt's claim was denied by letter dated August 4, 1996.

The instant Complaint, filed by Plaintiffs on November 4, 1996, includes a claim by Mr. McDevitt for lost support, consortium and services from his spouse. Defendant now moves to dismiss this claim on the grounds that Mr. McDevitt failed to exhaust the administrative remedies that are a prerequisite

---

1. Defendant's Motion to Dismiss is made pursuant to Rule 12(b)(1), which, as this Court has previously noted, "is usually considered an appropriate vehicle when the plaintiff has failed to exhaust administrative remedies that are a prerequisite to his suit." *Johnson v. United States,* 147 F.R.D. 91, 94 (E.D.Pa.1993).

to suit and that the applicable statute of limitations bars him from doing so now.

■ Plaintiffs have sued under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* ("FTCA"). Section 2675(a) of the FTCA requires as a prerequisite to civil suit that a claim be filed with the relevant federal agency. The FTCA provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

28 U.S.C. § 2675(a). Compliance with this procedure is jurisdictional and cannot be waived. *Livera v. First National State Bank of New Jersey,* 879 F.2d 1186, 1194 (3d Cir.1989). Moreover, the Third Circuit has required strict compliance with the terms prescribed by Congress as conditions of the federal government's waiver of sovereign immunity. *Pascale v. United States,* 998 F.2d 186, 193 (3d Cir.1993); *Livera,* 879 F.2d at 1194; *Peterson v. United States,* 694 F.2d 943, 944–45 (3d Cir.1982).

■ Plaintiffs argue that Mr. McDevitt's loss of consortium claim should not be dismissed even though he did not first file it with the Postal Service because the claim is wholly derivative of his spouse's claim. Plaintiffs contend that since Mr. McDevitt's claim "can receive no affirmative administrative action in the absence of a positive administrative ruling on the injured spouse's claim, it makes no sense to require a needless formality." Pls.' Mem. at 1. Plaintiffs concede that the cases on point in this Circuit have consistently held to the contrary, including one decision of this Court. *See Johnson v. United States,* 147 F.R.D. 91 (E.D.Pa. 1993) (Joyner, J.); *Ferguson v. United States,* 793 F.Supp. 107 (E.D.Pa.1992); *Murray v. United States,* 604 F.Supp. 444

(E.D.Pa.1985); *Susanin v. United States,* 570 F.Supp. 25 (W.D.Pa.1983). They nonetheless urge that these cases were wrongly decided and note that, in the absence of controlling Third Circuit or Supreme Court precedent, we are free to adopt their position.

■ We decline to do so. Though our Court of Appeals has never ruled on this precise issue, it has instructed in no uncertain terms that § 2675(a) is to be strictly construed and no exceptions are to be implied. *See Peterson,* 694 F.2d at 944; *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971); *Ferguson,* 793 F.Supp. at 110. As the court explained in *Ferguson,* "the law of Pennsylvania confers separate and distinct rights upon husband and wife and requires separate verdicts to be returned." *Id.* at 110. Thus, we hold here as we did in *Johnson* that the administrative procedures outlined in § 2675(a) must be pursued separately with respect to each claim in order for this Court to have jurisdiction.

■ Plaintiffs argue in the alternative that, if we require Mr. McDevitt to file his loss of consortium claim with the Postal Service pursuant to § 2675(a), he should be permitted to do so now despite the expiration of the applicable statute of limitations. Plaintiffs were apparently put on notice of Mr. McDevitt's failure to comply with § 2675(a) by the affirmative defense contained in Defendant's Answer, filed January 10, 1997, asserting lack of subject matter jurisdiction over Count II. Had Defendant timely answered Plaintiffs' Complaint, filed November 14, 1996, Mr. McDevitt could have filed his claim with the Postal Service before the two year limitations period expired on December 21, 1996. Plaintiffs therefore argue that "[t]he equities should certainly be with them." Pls.' Mem. at 2.

The statute of limitations applicable to the FTCA provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final

denial of the claims by the agency to which it was presented.

28 U.S.C. § 2401(b). Like the administrative procedure outlined in § 2675(a), this statute of limitations is a condition of the FTCA's waiver of sovereign immunity. *United States v. Kubrick,* 444 U.S. 111, 118–19, 100 S.Ct. 352, 357–58, 62 L.Ed.2d 259 (1979). Thus, our Court of Appeals has explicitly required "strict observance of the limitations period, *which cannot be extended by equitable considerations.*" *Peterson,* 694 F.2d at 944–45 (emphasis added) (citations omitted); *see also Livera,* 879 F.2d at 1195 ("timebars with respect to the filing of claims against the United States must be strictly construed"). We are therefore compelled to reject Plaintiffs' appeal to equity and hold that Mr. McDevitt's loss of consortium claim is time barred.

For the foregoing reasons, Count II of Plaintiffs' Complaint must be dismissed pursuant to Rule 12(b)(1).