**PETERSBURG BOROUGH, Appellant,**

v.

**The UNITED STATES of America, United States Dept. of Agriculture Farmers Home Administration.**

**No. 87–5491.**

United States Court of Appeals, Third Circuit.

Argued Jan. 21, 1988.

Decided Feb. 10, 1988.

Sally A. Lied, James J. West, U.S. Atty., Harrisburg, Pa., Richard K. Willard, Asst. Atty. Gen., Robert S. Greenspan, Robert D. Kamenshire, (argued), Attys. Appellant Staff, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for appellee.

John F. Winkler (argued), Baker & Hostetler, Columbus, Ohio, for appellant.

Before GIBBONS, Chief Judge, and WEIS and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

Plaintiff, Petersburg Borough, brought this action against the United States of America, United States Department of Agriculture, Farmers Home Administration, as an outgrowth of the Administration's agreement to finance a sewage treatment plant to be constructed by the Borough with a grant and low interest loan. For purpose of this appeal only, the Administration admits, as alleged by the Borough, that it misplaced the file including the Borough's application thus causing a delay in the closing of the grant and loan. As a consequence, the Borough was compelled to keep interim construction financing in place resulting in a loss to it of more than $50,000.

To recover its loss the Borough brought this action in the district court under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80. Thereafter the United States filed a motion to dismiss which was granted by the district judge in a memorandum opinion dated June 17, 1987 as he held, citing *Pennbank v. United States*, 779 F.2d 175 (3d Cir.1985), that the action was barred by the discretionary function excep-

tion to liability under the Tort Claims Act, 28 U.S.C. § 2680(a). Accordingly, on that day the judge signed an order dismissing the action for lack of subject matter jurisdiction. The Borough appeals.

Though we agree with the district judge that the court lacked jurisdiction we do so on a different basis. It seems clear to us that this case does not involve a tort but rather is an action for a breach of contract as the alleged wrongful conduct of which the Borough really complains is the Administration's delay in closing the financing package. This is easily demonstrated by considering whether the Borough would have had a cause for action if, notwithstanding the loss of the file, the closing had not been delayed. We think not for in that event the Administration would have fulfilled its obligations and the Borough would have suffered no loss. Therefore this case involves a contract claim against the United States in excess of $10,000 and is within the exclusive jurisdiction of the Claims Court under the Tucker Act. 28 U.S.C. § 1346(a)(2); 28 U.S.C. § 1491. Thus, the judge erred in holding that the action was barred as involving a discretionary function under the Tort Claims Act.

Our result is supported by *Aleutco Corporation v. United States*, 244 F.2d 674 (3d Cir.1957), *Woodbury v. United States*, 313 F.2d 291 (9th Cir.1963), and *Martin v. United States*, 649 F.2d 701 (9th Cir.1981), cited by the parties. In *Aleutco* we held that the mere fact that a claimant and the United States are in a contractual relationship does not convert a claim that would otherwise be for a tort into one sounding in contract. *Aleutco* involved conversion of surplus property purchased by the claimant from the United States, an action which we characterized as "a classic case in tort." Thus we held the case could be brought under the Tort Claims Act. *Id.* at 678–79.

In *Woodbury* the court dealt with rather complicated financing of a major construction project in Alaska which encountered financial problems. The developer charged that the Housing and Home Finance Agency which was financing the construction had breached its fiduciary duties by failing

to amortize the debt by a method which considered the claims of all interested parties. The court held that exclusive jurisdiction was in the Court of Claims explaining:

Many breaches of contract can also be treated as torts. But in cases such as this, where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to 'waive the breach and sue in tort' brings the case within the Federal Tort Claims Act. [313 F.2d at 295.]

We do not mean that no action will ever lie against the United States under the Tort Claims Act if a suit could be maintained for a breach of contract based upon the same facts. We only hold that where, as in this case, the action is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the Federal Tort Claims Act. [313 F.2d at 296.]

In *Martin* the plaintiff's mother had purchased a house from the Veterans Administration and occupied it before necessary repairs were made. The vendor, however, remained obligated to make these repairs but before they were made the plaintiff was injured because of a defective downspout in the bathtub. She then successfully brought a district court action under the Tort Claims Act. The government appealed contending, *inter alia*, that the action involved a breach of contract within exclusive Court of Claims jurisdiction under the Tucker Act as damages in excess of $10,000 were sought. The Court of Appeals rejected this position as it considered that the action essentially sounded in tort with the breach of contract being in the background. The court noted that a personal injury from an unsafe condition of property is in the nature of a "classic tort." 649 F.2d at 705. Thus the wrongdoing was distinguishable from a breach of duty in a

commercial relationship leading to "purely economic harm." *Ibid.*

Here the Borough's claim is for breach of a promise by the Administration to close timely, a default leading to purely economic harm. No person suffered any personal injury by reason of the administration's alleged breach of duty nor was property damaged. Further, it cannot seriously be contended that the lost file had an intrinsic economic value as personal property similar to the surplus property in *Aleutco* so that if plaintiff had title to it this action could realistically be viewed as sounding in conversion.[1]

In reaching our result we have not overlooked *Pennbank v. United States,* 779 F.2d at 175, an action we entertained under the Tort Claims Act for negligent inspection of a federally financed sewerage project leading to a failure to close a federal loan. Plaintiffs had supplied interim financing for the project and expected to be paid from the federal loan. Though we held that the action was barred as involving a discretionary function and thus treated the claims as sounding in tort, *Pennbank* does not assist the Borough as the plaintiffs were not in contractual privity with the United States and thus it could not be said that the federal agency breached a contract with them. Accordingly, it is not surprising that in *Pennbank* we never addressed the possibility that the action might be within Claims Court jurisdiction under the Tucker Act.

At oral argument the Borough indicated that if we considered the case to be under the Tucker Act it desired that we transfer it to the Claims Court and the United States indicated that it had no objection to that procedure. In the circumstances, the order of June 17, 1987 dismissing the action will be vacated and, pursuant to 28 U.S.C. § 610 and 28 U.S.C. § 1631, the case will be transferred to the Claims Court for further proceedings consistent with this opinion. Of course, we do not imply that the Borough is or is not entitled to recover in that court as we have not passed on the merits of its claim.

---

1. The Borough's complaint makes no allegation that it held title to the file. In fact it is doubtful that it did for we do not think that if there had been no delay in closing the Borough could have insisted that the file be delivered to it. In any event we will not allow the outcome of this case to depend upon who owned the file, for the actual claim here is for the Administration's failure to close and thus the case involves economic harm resulting from an alleged breach of duty.