

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2003

# Global Fin Corp v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1993

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Global Fin Corp v. USA" (2003). *2003 Decisions.* Paper 432.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/432

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 02-1993
_____


GLOBAL FINANCIAL CORPORATION,
Appellant


v.


UNITED STATES OF AMERICA


_____


Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No.00-cv-05577)
District Judge: Honorable Garrett E. Brown, Jr.

_____


Submitted Under Third Circuit LAR 34.1(a)
on January 13, 2003


Before: ROTH, FUENTES and ALDISERT, Circuit Judges


(Opinion filed   June 26, 2003)


_____


O P I N I O N

_____

ROTH, <u>Circuit Judge</u>.

The Federal Government moved to dismiss two claims brought by appellant Global Financial Corporation in the United States District Court for the District of New Jersey. Global brought claims against the United States for (1) negligence concerning the assignment of claims and (2) violation of the Assignment of Claims Act (the "Assignment Act") under which Global contended it had a private right of action. The District Court dismissed the claim for negligence because it failed to state a claim upon which relief could be granted.[1] FED. R. CIV. P. 12(c). The District Court dismissed the claim for a private right of action because it lacked subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Global Financial appealed both decisions.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The standard of review for both dismissals is plenary. *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (stating that standard of review for Rule 12(b)(1) motion to dismiss is plenary); *Rose v. Bartle*, 871 F.2d 331, 342 (3d Cir. 1989) (stating that standard of review for Rule 12(c) motion to dismiss is plenary).

Both grounds for appeal involve sovereign immunity. The United States is immune from liability in tort actions, unless clear statutory consent exists to the contrary. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980), *remanded to* 664 F.2d 265 (Ct.

---

[1] The United States originally filed a Rule 12(b)(6) motion under the Federal Rules of Civil Procedure. The District Court correctly noted that procedurally the United States should have filed a Rule 12(c) motion for a judgment on the pleadings because it had already filed an answer. The District Court treated the motion as if the correct Rule 12(c) motion had been filed.

Cl. 1981), *cert. granted*, 457 U.S. 1104 (1982), *aff'd by* 463 U.S. 206 (1983). Plaintiff "bears the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1988), *cert. denied*, 487 U.S. 1204 (1988) (citations omitted). The waiver cannot be implied, *see United States v. Nordic Village, Inc.*, 503 U.S. 30, 37 (1987) (insisting upon clarity in statutory text of an "unequivocal expression" of intent to eliminate sovereign immunity); *FMC Corp. v. United States Dept. Of Commerce*, 29 F.3d 833, 839 (3d Cir. 1994) (en banc) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)), and must be strictly construed in favor of the Government. *See Nordic Village*, 503 U.S. at 34; *Ardestani v. INS*, 502 U.S. 129, 137 (1991).

Global Financial claims that the District Court erred when it (1) did not find that the Federal Government had a duty not to accept competing assignments under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and (2) failed to recognize a waiver of sovereign immunity on the part of the Federal Government through the context of the Assignment Act, 31 U.S.C. § 3727, in conjunction with the Tucker Act, 28 U.S.C. § 1491. It is not clear whether Global Financial's negligence claim was based on a duty not to accept competing assignments or a duty to inform Global Financial of a competing assignment. The misrepresentation exception[2] to the FTCA only applies to the latter. *See* 28 U.S.C.A. § 2680(h). Viewing the facts in the light most favorable to the nonmoving party, the District Court correctly dismissed the latter basis for the claim and addressed

---

[2]The misrepresentation exception to the FTCA states that the FTCA is not applicable to claims that arise out of "misrepresentation." 28 U.S.C. § 2680(h).

the former.

The FTCA waives the Government's sovereign immunity from tort actions. *See Rayonier, Inc. v. United States*, 352 U.S. 315, 319 (1957). This waiver of immunity is, however, only for *recognized* causes of action. *See Feres v. United States*, 340 U.S. 135, 142 (1950). The District Court determined that New Jersey tort law governed this case.[3] Therefore, the FTCA would only be applicable against the Government if non-compliance with the Assignment Act requirements provided a cause of action against a private individual under New Jersey tort law. *See Rayonier*, 352 U.S. at 319, *Indian Towing Co. v. United States*, 350 U.S. 61, 68 (1955).

A waiver of sovereign immunity may not be implicitly enlarged or extended to include causes of action not within the terms of the statute. *See Klamath and Moadac Tribes v. United States*, 296 U.S. 244, 250 (1935). Global Financial's claim is based on the "tort of another" doctrine, an element of which is the commission of a tort by the defendant. *See* RESTATEMENT (SECOND) TORTS § 914(2). Under New Jersey tort law, no

---

[3]Under the FTCA, the applicable law is "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also United States v. Muniz*, 374 U.S. 150, 152 (1963) (citing 28 U.S.C. § 1346(b)). The District Court conducted a thorough choice of law analysis because the parties were in dispute over whether Texas or New Jersey law applied to Global Financial's claim. The District Court concluded that the tort law standard that applied to this case was the tort law of New Jersey. Although the tortious act was committed in Texas, the District Court determined that Texas choice-of-law rules employ the"significant relationship" test. RESTATEMENT (SECOND) OF CONFLICTS §§ 6, 145. Under this test, the New Jersey tort laws would be applicable because the injury suffered and the payment of litigation costs took place in New Jersey. Neither party disputed this conclusion on appeal.

cause of action for negligence has been established against private individuals for accepting and acknowledging competing assignments. The breach of contract cases[4] Global Financial cites in its brief are not sufficient to satisfy the FTCA requirements for Government waiver of sovereign immunity. The FTCA concerns waiver of sovereign immunity for tortious acts committed by the Government and not for breach of contractual duties committed by the Government. *See Petersburg Borough v. United States*, 839 F.2d 161, 162 (3d Cir. 1988) (distinguishing between tort and contract duties). Because New Jersey case law does not provide an unequivocal cause of action in tort law against private individuals for violation of the Assignment Act requirements, the United States did not owe a duty of care to Global Financial. We will affirm the District Court's conclusion that the complaint failed to state a claim on which relief could be granted.

As to the Assignment Act claim, a district court lacks subject matter jurisdiction for claims against the United States where sovereign immunity has not been waived. The Assignment Act provides for an assignee to make a claim against the United States "to recover payment for work *performed* by the contractor." *Thomas Funding Corp. v. United States*, 15 Cl. Ct. 495, 502 (1988). It does not, however, provide for recovery of damages caused by the Government's violations of the Assignment Act's provisions. Neither does the Assignment Act contain an unequivocal waiver of the Government's sovereign immunity for failure to comply with its provisions.

---

[4] *Spilka v. South America Managers, Inc.*, 255 A.2d 755 (N.J. 1969); *Tirgan v. Mega Life & Health Ins.*, 700 A.2d 1239 (N.J. Super. Ct. Law Div. 1997)). These cases concerned liability of private individuals for breach of contractual duties.

Global invokes the Tucker Act, 28 U.S.C. § 1491, to create waiver of sovereign immunity. The Tucker Act is, however, a jurisdictional statute. It does not provide for any substantive right of recovery. *See* 28 U.S.C. § 1491(a)(1). Any claim made under the Tucker Act must be founded in "the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.*; *see also United States v. Mitchell*, 463 U.S. 206, 216 (1983) (citing 28 U.S.C. § 1491(a)(1)). To be cognizable under the Tucker Act, the source of law relied upon must establish a claim for money damages against the United States. *See Mitchell*, 463 U.S. at 216. Further, a fair interpretation of the law must show that it mandates compensation from the United States for the damages incurred. *See id.*

The Assignment Act does not, however, mandate compensatory damages for non-compliance with its provisions. The Assignment Act's waiver of sovereign immunity for claims of wrongful payment of funds under the assignment does not invoke the Tucker Act's waiver for damages claims for violations of the Assignment Act. Therefore, the Tucker Act is not applicable to Assignment Act violations.[5] We will affirm the District Court's order, dismissing the claim for lack of subject matter jurisdiction, because neither the Assignment Act nor the Tucker Act in conjunction with the Assignment Act provide

---

[5]Moreover, if the Tucker Act were applicable to the current case, the District Court would have lacked subject matter jurisdiction over the issue because jurisdiction under the Tucker Act claims belongs to the Untied States Court of Federal Claims. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1).

for waiver of the Government's sovereign immunity.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/ Jane R. Roth
Circuit Judge