**FORTUNA'S CAB SERVICE, INC., et al., Plaintiffs,**

**v.**

**The CITY OF CAMDEN, et al., Defendants.**

**Civil Action No. 02–5605 (JEI).**

United States District Court, D. New Jersey.

June 20, 2003.

Dale H. Lundquist, Woodbury Heights, NJ, Sufrin, Zucker, Steinberg & Wixted, by Saul J. Steinberg, Camden, NJ, for Plaintiffs.

Dennis G. Kille, City of Camden Attorney, by, Jason J. Asuncion, Assistant City Attorney, Camden, NJ, Peter C. Harvey, Acting Attorney General of New Jersey, by David S. Griffiths, Deputy Attorney General, Trenton, NJ, for Defendant.

## OPINION

IRENAS, District Judge.

This matter appears before the Court on Defendants' motions to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). We will grant Defendants' motions to dismiss.

## I.

Plaintiffs in this matter are various cab companies operating in Camden, including Fortuna's Cab Service. Defendants include the City of Camden and New Jersey Transit Corporation. Plaintiffs allege that various actions of the Defendants have deprived Plaintiffs of their civil rights in the conduct of their business and constitute a taking of their property rights without due process under Article VII, the Fifth Amendment, and 42 U.S.C. § 1983. Plaintiffs have voluntarily retracted claims involving violation of the RICO statutes, N.J.S.A. 2C:41–1 and 18 U.S.C. § 1961.

In 2001, the Camden Parking Authority moved taxi stands established by Camden City ordinance at the Tweeter Center ("Tweeter") and the Walter J. Rand Transportation Center ("Rand"), requiring patrons to walk four blocks at Tweeter and across a heavily trafficked intersection at Rand in order to obtain taxicabs. Taxicab drivers who attempt to pick up and drop off customers at the Tweeter Center and the Rand Transportation Center have been issued parking and other types of citations by the Camden Police.

Plaintiffs claim that these actions are violations of the Camden Municipal Code, which permits licensed taxicab owners to conduct their business within the City of Camden. (Compl., First Count, ¶ 5.) Plaintiffs also claim that removal of the taxi stands from their original location without notice to taxicab drivers constitutes a violation of their property rights under the Fourteenth Amendment's due process clause.

On November 22, 2002, Plaintiffs submitted a Notice of Application for Emergent Relief and Verified Complaint. On December 4, 2002, the Court conducted a conference and hearing concerning the Plaintiffs' application. The Court then issued an Order denying Plaintiffs' order to show cause, permitting taxicab pick up and drop off at the original Rand Transportation Center location, ordering negotiations over taxi stand locations, and dismissing the Camden Parking Authority as a party. On December 20, 2002, Defendant City of Camden filed an Answer to Verified Complaint, and on January 16, 2003, Defendant New Jersey Transit filed an Answer to Verified Complaint.

## II.

■ Unlike a motion to dismiss for a failure to state a claim pursuant to Fed.

R.Civ.P. 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction, the factual allegations of the complaint are not accepted as true. *Mortensen v. First Federal Savings & Loan Association*, 549 F.2d 884, 891 (3d Cir.1977). Additionally, the court may consider evidence beyond the pleadings, including affidavits, motions, depositions and other proof in making its determination. *See id.* The plaintiff has the burden of proving that jurisdiction does in fact exist. *Id.* at 891. A court may dismiss an action when "the claim appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous." *Johnson v. United States*, 147 F.R.D. 91, 93–94 (E.D.Pa.1993).

### III.

The Court will examine each of the Plaintiffs' arguments to determine if federal subject matter jurisdiction is established under Fed.R.Civ.P. 12(b)(1).

### A.

■ Procedural due process is only implicated where there has been a taking or deprivation of a legally protected liberty or property interest. *Board of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir.1998). The only argument offered by Plaintiffs supporting the existence of their property rights in the taxi stands is their creation through Camden City ordinance.

The existence of a property right in the taxi stands is an issue of state law and the court must examine the Camden ordinance to determine if a property right protected by due process exists. *Piecknick v. Commonwealth Of Pa.*, 36 F.3d 1250, 1256 (3d Cir.1994) (tow truck operator did not have property interest protectable by due process in towing business on state highways near his place of business); *see also Acierno v. Cloutier*, 40 F.3d 597 (3d Cir.1994).

Plaintiffs must show more than a "unilateral expectation" of the property interest; they must prove a "legitimate entitlement" to that interest. *Mustfov v. Rice*, 663 F.Supp. 1255, 1266 (N.D.Ill.1987) (language in ordinance sufficient in creating a property interest in picking up prearranged fares at airport); *see also Roth*, 408 U.S. at 577, 92 S.Ct. 2701.

We do not find that the Camden ordinance gives Plaintiffs legitimate entitlement to a property interest in the taxi stands. In order to demonstrate a violation of due process, the plaintiff must show entitlement to a property interest expressly created by the local ordinance. *Carter v. Philadelphia*, 989 F.2d 117, 120 (3d Cir. 1993). The Camden City ordinance creating the two taxi stands provides for "the regulation of vehicles and pedestrians in the streets of the city of Camden." Camden, N.J. Ordinances MC 1258 (1977). Ordinance § 1(C) "adds taxi stands to the schedule" at the east side of Broadway and the northern curb of Mickle Boulevard, referred to as the Rand Transportation Center and the Tweeter Center in Plaintiff's complaint. *Id.* The ordinance contains no express language granting property interests to taxicab drivers. In fact, granting taxicabs a property interest in the stands would interfere with the municipality's ability to maintain public transportation and safety on its streets, which are the primary functions of the ordinance.

Unlike the ordinance granting property rights to taxicabs in *Mustfov*, the language in the Camden City ordinance is generally vague and indefinite and does not specifically prohibit the Defendants' conduct in relocating the stands. As in *Piecknick*, we do not believe that an ordinance establishing the location of taxi stands and other transportation routes creates an enforceable contract between the taxicabs and the city. *Piecknick*, 36 F.3d at 1256. Nothing in the context or language of the ordinance

provides a sufficient basis for establishing property interests in the stands for taxicab drivers or owners.

We find it significant that Plaintiffs offer no precedent for a protected property interest in a taxi stand. The ability to pick up passengers in a very specific location on a public right of way is not analogous to the legitimate property interest taxicabs have in their licenses. *Padberg v. McGrath–McKechnie,* 108 F.Supp.2d 177, 185 (E.D.N.Y.2000) (holding taxicab drivers have a property interest in their licenses); *see Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). Unlike licenses, taxicab drivers and owners do not have possession or even exclusive use of the taxi stands, two hallmarks of a property interest. *Padberg,* 108 F.Supp.2d at 185 (quoting *Loretto v. Teleprompter Manhattan CATV Corp.,* 458 U.S. 419, 435, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982)).

The creation of a taxi stand by local ordinance is not sufficient grounds for establishing a property interest protected by the Fourteenth Amendment. As stated by the Seventh Circuit in *Flower Cab Company v. Petitte,* 685 F.2d 192 (7th Cir.1982), "[i]f this complaint is found to state a claim under the due process clause, the scope of Section 1983 will be dramatically broadened to embrace every deliberate failure by a state or local officer to perform a ministerial duty necessary to the full enjoyment of a property right." *Id.* at 193–194.

**B.**

■■ Even if we were to find that Plaintiffs have a valid property interest, Plaintiffs have not properly alleged that they are being deprived of that interest by more than the Defendants' negligent conduct. *Daniels v. Williams,* 474 U.S. 327, 330–331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Deprivation of property is not cognizable under § 1983 when state post-deprivation remedies are adequate to protect plaintiff's due process rights, and the conduct causing the deprivation is random and unauthorized rather than effected pursuant to established state procedure. *Curro v. Watson* 884 F.Supp. 708, 716 (E.D.N.Y. 1995); *see Zinermon v. Burch,* 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990); *Hudson v. Palmer* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). We believe this case can be handled adequately under state tort law and Plaintiffs provide nothing to make us think otherwise. More importantly, Plaintiffs do not even contend that their deprivation of property was taken pursuant to established state procedure.

Instead, Plaintiffs incorrectly apply the U.S. Supreme Court's decision in *Monell v. New York City–Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), to support their argument that the Camden City ordinance established a protected property interest. Plaintiffs accurately assert that a municipality may be held liable under § 1983 where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation or decision official adopted and promulgated by that body's officers." *Id.* at 690, 98 S.Ct. 2018. But Plaintiffs do not argue that the Camden ordinance *deprived* them of due process; rather they rely on *Monell* to argue that Camden ordinance *created* a valid property interest. Without evidence of established government conduct depriving Plaintiffs of their rights, there is no requisite state action necessary for a due process violation.

**C.**

■■ Plaintiffs argue that this case implicates the Commerce Clause because Plaintiffs' taxicabs directly transport a significant number of passengers across state lines. However, in their complaint Plaintiffs do not specifically plead any violations by Defendants of the Commerce Clause.

Furthermore, as noted by Defendants, the threshold inquiry in dormant Commerce Clause analysis is whether interstate commerce is even at issue. *C & A Carbone Inc. v. Town of Clarkstown, New York,* 511 U.S. 383, 389, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994). Each of the Plaintiffs are taxicab owners and operators within the City of Camden and according to the issues pled in this case are not protected parties under the Commerce Clause. None are out of state entities allegedly being discriminated against by the State of New Jersey. Interstate commerce is not implicated by the issues in this case and cannot serve as grounds for federal jurisdiction.

**D.**

Although Plaintiffs argue in their brief that Defendant City of Camden's excessive increases in licensing fees constitutes a government taking, they do not specifically plead a takings violation in their complaint. *See Compl., Second Count,* ¶ *2.* Furthermore, Plaintiffs produced no evidence or precedent supporting this argument, besides pointing to the fact that it is illegal, under New Jersey law, for a municipality to pass a valid ordinance for revenue purposes only. *Taxi's Inc. v. Borough of East Rutherford.,* 149 N.J.Super. 294, 373 A.2d 717 (Law Div.1977). Even if the takings claim had been properly pled and supported, the facts would be unlikely to survive a motion to dismiss under Fed. R.Civ.P. 12(b)(6). Plaintiffs do not challenge Defendant City of Camden's assertions that the increased fees do not exceed the City of Camden's regulatory costs and are not a "taking" for constitutional purposes.

**E.**

Once a federal court has dismissed all claims over which it has original jurisdiction, it should ordinarily decline to exercise supplemental jurisdiction over state law claims. *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Tully v. Mott Supermarkets* 540 F.2d 187 (3d Cir.1976); *Coleman v. State of N.J.,* 246 F.Supp.2d 384 (D.N.J.2003). Therefore, since there is no federal question, we will dismiss Plaintiffs' remaining state law claims.

This matter having appeared before the Court upon Defendants' motions to dismiss the complaint, the Court having reviewed the submissions of the parties, for the reasons set forth in an opinion issued by this Court, which findings of fact and conclusions of law are incorporated herein by reference, and for good cause appearing,

**IT IS** on this *20th* day of June, 2003,

**ORDERED THAT** Defendants' motions to dismiss the complaint are **GRANTED.**