**William McNIFF and Eileen McNiff, Plaintiffs**

v.

**ASSET MANAGEMENT SPECIALISTS, INC.; Asset Management Specialists; United States Department of Housing and Urban Development; United States Department of Housing and Urban Development, Office of Housing; and United States of America, Defendants**

**No. CIV.A. 03–CV–04743.**

United States District Court, E.D. Pennsylvania.

Sept. 30, 2004.

William E. Haggerty, Esquire, Lancaster, PA, for Plaintiffs.

Richard Mentzinger, Esquire, Assistant United States Attorney, Philadelphia, PA, for Defendants United States Department of Housing and Urban Development; United States Department of Housing and Urban Development, Office of Housing; and United States of America.

## OPINION

GARDNER, District Judge.

### INTRODUCTION

This matter is before the court on the Federal Defendant's Motion to Dismiss, which motion was filed October 3, 2003.[1] This matter is also before the court on Federal Defendants' Motion to Dismiss Crossclaim, which motion was filed December 23, 2003.[2] For the reasons expressed

---

1. Plaintiffs' Response to Federal Defendants' Motion to Dismiss and the Memorandum of Law in Support of Plaintiffs' Response to Federal Defendants' Motion to Dismiss were both filed October 22, 2003.

 The Reply Brief in Support of Federal Defendants' Motion to Dismiss was filed October 28, 2003. Pursuant to provisions of Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania "[t]he Court may require or permit further briefs if appropriate." A reply brief is permitted at the discretion of the court pursuant to the Local Rules. Defendants never sought permission from the court to file their reply brief, and the undersigned did not grant defendants leave to file a reply brief.

 However, the court has reviewed defendants' reply brief and concludes that it is helpful to our determination of the issues in this matter. Therefore, we will consider defendants' reply brief. However, defendants are advised that in the future the court may not consider any reply brief which is filed without first obtaining permission from the undersigned.

2. The Federal Defendants' Motion to Dismiss Crossclaim is directed to the crossclaim of defendants Asset Management Specialists, Inc. and Asset Management Specialists contained in the answer and affirmative defenses of the Asset Management defendants to plaintiff's Amended Complaint filed October 28, 2003. The crossclaim is a one paragraph allegation seeking contribution and indemnity from the federal defendants. Defendants Asset Management Specialists, Inc. and Asset Management Specialists did not respond to the Federal Defendants Motion to Dismiss Crossclaim.

 Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania provides in pertinent part that "any party opposing [a] motion shall serve such answer or other response which may be appropriate, within fourteen (14) days after service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested ...."

 The federal defendants filed their motion to dismiss on December 23, 2003. The Certificate of Service attached to the motion indicates that on December 23, 2003 William M. Connor, Esquire, counsel for Asset Management Specialists, Inc. and Asset Management Specialists, was served with the motion to dismiss by first-class mail. Thus, a response was required to be filed by January 9, 2004 (Fourteen days pursuant to Local Rule 7.1(c) plus three additional days pursuant to Federal Rule of Civil Procedure 6(e) because the federal defendants' motion was served by mail).

 As of the date of the within Order, Asset Management Specialists, Inc. and Asset Management Specialists have not responded to the motion to dismiss crossclaims. Accordingly, we grant the Federal Defendants' Motion to Dismiss Crossclaim as uncontested.

below, we grant both of the federal defendants'[3] motions to dismiss.

Specifically, we grant the Federal Defendant's Motion to Dismiss for lack of subject matter jurisdiction regarding Counts VII through XII of plaintiffs' Amended Complaint because the United States Department of Housing and Urban Development and United States Department of Housing and Urban Development, Office of Housing are not proper parties in this action. In addition, we dismiss Counts XIII through XV of Plaintiffs' Amended Complaint for lack of subject matter jurisdiction because plaintiffs did not file an administrative claim in this matter. Finally, because we do not have either federal question or diversity jurisdiction, we decline to exercise supplemental jurisdiction and dismiss plaintiffs' remaining state law claims.

## BACKGROUND

On August 18, 2003 plaintiffs William and Eileen McNiff filed their original Complaint. The next day, August 19, 2003, plaintiffs filed an Amended Complaint. Plaintiffs' Amended Complaint contains eighteen counts against the various defendants asserting claims of negligence[4] and breach of warranty[5] on behalf of plaintiff William McNiff and loss of consortium[6] claims on behalf of plaintiff Eileen McNiff.

On October 24, 2003 plaintiffs filed a Notice of Voluntary Dismissal of Defendant Fannie Mae. The dismissal of Fannie Mae related to Counts XVI through XVIII of the Amended Complaint.

On October 28, 2003 the Answer and Affirmative Defenses to Amended Complaint by Defendants Asset Management Specialists, and Asset Management Specialists, Inc., was filed.

## FACTS

Based upon the allegations of plaintiffs' Amended Complaint and Exhibit A attached to plaintiffs' response to the motion to dismiss, the operative facts are as follows. At all pertinent times, plaintiff William McNiff was employed by Golden Feather Realty Services, Inc. as an inspector of residential real estate. Golden Feather Real Estate entered into an agreement with one or all of the defendants who were in possession of certain properties to correct, fix and rehabilitate the properties to make them safe and marketable.

On August 20, 2001 William McNiff went to a property located at 449 North 11th street, Reading, Berks County, Pennsylvania to conduct an inspection of the property. While descending a wooden staircase at the front of the premises, Mr. McNiff used the hand railing on his right in order to safely descend the wooden stairway. When Mr. McNiff grasped the hand railing with his right hand, the hand railing came loose, causing Mr. McNiff to lose his balance and fall to the ground and allegedly causing plaintiff's physical injuries.

---

3. Reference to the "federal defendants" means defendant United States of America; defendant United States Department of Housing and Urban Development; and defendant United States Department of Housing and Urban Development, Office of Housing.

4. The negligence claims are contained in Counts I, IV, VII, X, XIII and XVI of plaintiffs' Amended Complaint.

5. The breach of warranty claims are contained in Counts II, V, VIII, XI, XIV and XVII of plaintiffs' Amended Complaint.

6. The loss of consortium claims are contained in Counts III, VI, IX, XII, XV and XVIII of plaintiffs' Amended Complaint.

## STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter . . . .

There are two types of challenges to subject matter jurisdiction pursuant to Rule 12(b)(1): (1) to the Complaint on its face; and (2) to the existence of subject matter jurisdiction in fact. *Daliessio v. DePuy, Inc.*, No. Civ.A. 96–5295, 1998 WL 24330 at *2 (E.D.Pa. Jan. 23, 1998).

When a defendant attacks subject matter jurisdiction "in fact," as opposed to an attack on the allegations on the face of the complaint, the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). In such a situation, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* In addition, the burden of proving the existence of subject matter jurisdiction lies with the plaintiff. *Id.*

*Carpet Group International v. Oriental Rug Importers Association*, 227 F.3d 62, 69 (3d Cir.2000).

## DISCUSSION

The federal defendants assert three bases for their motion to dismiss. Initially, defendants contend that the United States Department of Housing and Urban Development and United States Department of Housing and Urban Development, Office of Housing are not proper parties in this action because plaintiffs may not bring suit against the specific federal government agencies which are allegedly responsible for plaintiffs' injuries. Rather, the only proper party is the United States of America. Thus, defendants argue that Counts VII through XII must be dismissed on that basis.

Next, the federal defendants contend that the claims against the United States of America contained in Counts XIII through XV must be dismissed because plaintiffs have not filed an administrative claim as required by the Federal Tort Claims Act.[7]

Finally, the federal defendants assert that plaintiff William McNiff's claims for breach of warranty (Counts VIII, XI and XIV) are not contract claims as asserted by plaintiffs in their response to the motion to dismiss. Rather, the federal defendants contend that plaintiffs' claims are actions sounding in tort. In the alternative, defendants allege that even if the court determines that the breach of warranty claims are contract actions, subject matter jurisdiction is still lacking because any contract in this matter is an implied contract in law, as opposed to one implied in fact, and this court lacks subject matter jurisdiction over any such claim.

In their response to the federal defendants' motion to dismiss, plaintiffs by implication admit that defendant United States of America is the proper party in this case. However, plaintiffs assert that the breach of warranty claims contained Counts VIII and XI allege state law claims which are contractual in nature. Thus, plaintiffs contend that these claims are not subject to the limitations of the Federal Tort Claims Act.

---

7. 28 U.S.C. §§ 2671–2680.

Finally, plaintiffs contend that they have complied with the requirement for filing an administrative claim. Specifically, plaintiffs contend that by letter dated June 28, 2002 (Exhibit A to plaintiffs' response) they notified the United States Department of Housing and Urban Development, Office of Housing that William McNiff sustained serious and chronic injuries on August 20, 2001 when he fell because of a dangerous and defective condition of, and on, the real estate located at 449 North 11th Street, Reading, Pennsylvania, a property plaintiff alleges was owned by the United States Department of Housing and Urban Development.

For the reasons expressed below, we agree with the federal defendants, disagree with plaintiffs and dismiss Counts VII through XV of plaintiffs' Amended Complaint.

### Suits Against the United States of America and its Agencies

■ It is well settled that the United States of America, as sovereign, is immune from suit except as it consents to be sued. The terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit. *United States of America v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Rosario v. American Export–Isbrandtsen Lines, Inc.*, 531 F.2d 1227 (3d Cir.1976).

■ Sovereign immunity may only be waived to the extent that Congress, by statute, has explicitly consented to waiver of sovereign immunity. *United States of America v. Mitchell*, 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Furthermore, any waiver of sovereign immunity must be strictly construed in favor of the United States. *Ardestani v. Immigration and Naturalization Service*, 502 U.S. 129, 137, 112 S.Ct. 515, 520, 116 L.Ed.2d 496, 506 (1991).

The Federal Tort Claims Act "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States, its agencies and/or officers acting within their official capacity." *J.D. Pflaumer v. United States Department of Justice*, 450 F.Supp. 1125, 1132 n. 11 (E.D.Pa. 1978). Pursuant to the Federal Tort Claims Act:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a).

In addition, the regulations established by the Attorney General of the Untied States, pursuant to the rulemaking authority of 28 U.S.C. § 2672, further provide:

[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or

death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a).

*Plaintiffs' Claims Against the United States Department of Housing and Urban Development and the United States Department of Urban Development, Office of Housing*

In this case, plaintiffs bring this action pursuant to the provisions of the Federal Tort Claims Act.[8] Plaintiffs name the United States Department of Housing and Urban Development and the United States Department of Housing and Urban Development, Office of Housing as defendants in this action.[9]

■ The only proper defendant in an action brought pursuant to the Federal Tort Claims Act is the United States of America. 28 U.S.C. § 2679. A plaintiff may not bring suit against the federal agency that was allegedly responsible for plaintiff's injuries. *See e.g., Federal Deposit Insurance Corporation v. Craft,* 157 F.3d 697 (9th Cir.1998); *Galvin v. Occupational Safety & Health Administration,* 860 F.2d 181 (5th Cir.1988); *Myers & Myers, Inc. v. United States Postal Service,* 527 F.2d 1252 (2d Cir.1975). Furthermore, Congress has made it clear that the authority of a federal agency to sue and be sued in its own name may not be construed to authorize suits against the agency under the Federal Tort Claims Act. 28 U.S.C. § 2679(a); *See generally Federal Deposit Insurance Corporation v. Meyer,* 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

In their response to the federal defendants' motion to dismiss, plaintiffs seem to concede that Counts VII, IX, X and XII should be dismissed because the agency defendants are not proper parties in those causes of action.[10] For the following reasons, we grant defendant's motion to dismiss Counts VII through XII of plaintiffs' Amended Complaint.

■ It is well-settled that the United States of America is the only proper party in a suit pursuant to the Federal Tort Claims Act. Thus, we conclude that the United States Department of Housing and Urban Development and United States Department of Urban Development, Office of Housing are not proper parties in this

---

**8.** Plaintiffs' Amended Complaint paragraph 8.

**9.** Plaintiffs' Amended Complaint paragraphs 4 and 5; Counts VII through XII.

**10.** On page 2 of the Memorandum of Law in Support of Plaintiff's [sic] Response to Federal Defendants' Motion to Dismiss, plaintiffs state the following:

> In this case, Plaintiffs allege a claim pursuant to the Federal Tort Claims Act and, accordingly, the United States of America is a proper defendant under such claim. However, Count VIII against Defendant, United States Department of Housing and Urban Development, and Count XI against Defendant, United States Department of Urban Development, Office of Housing, allege state claims for breach of warranty that are contractual in nature and not subject to the limitations of the Federal Tort Claims Act. Accordingly, the

breach of warranty claims must remain as against Defendants, United States Department of Housing and Urban Development and United States Department of Housing and Urban Development, Office of Housing. The Court has pendent jurisdiction over those claims.

We construe plaintiffs' argument above to mean that they concede that the negligence claims on behalf of plaintiff William McNiff in Counts VII and X and the loss of consortium claims on behalf of plaintiff Eileen McNiff in Counts IX and XII of the Amended Complaint are not proper and should be dismissed because the United States of America is the only proper party regarding those claims. Accordingly, we dismiss Counts VII, IX, X and XII by agreement of plaintiffs as well as for the other reasons set forth herein.

action in any of the counts of plaintiffs' Amended Complaint.

Plaintiffs concede that Counts VII, IX, X and XII should be dismissed. For the reasons set forth later in this Opinion, and in the absence of citation by plaintiffs of any authority to the contrary, we disagree with plaintiffs' characterization of their breach of warranty claims as contractual. Instead, they are claims of an implied-in-law contract which falls outside the waiver of sovereign immunity by the government.

Accordingly, we grant the federal defendants' motion to dismiss Counts VII through XII of plaintiffs' Amended Complaint because the agencies named therein are not proper parties to this action.

### Plaintiffs' Claims Against the United States of America

 Pursuant to the Federal Tort Claims Act, a party may not maintain an action against the United States of America "unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). *Rosario, supra.* The filing of an administrative claim is an absolute prerequisite to the maintenance of a civil action against the government arising from the tortious occurrence because of the negligence of a federal employee or agency. *See Meeker v. United States of America,* 435 F.2d 1219, 1220 (8th Cir.1970). The filing of an administrative claim is jurisdictional and cannot be waived. *Bialowas v. United States of America,* 443 F.2d 1047, 1049 (3d Cir. 1971).

 In addition, each plaintiff who files suit under the Federal Tort Claims Act must have individually and separately satisfied all the jurisdictional requirements of the Act before filing suit. Commonwealth of Pennsylvania v. National Association of Flood Insurers, 520 F.2d 11, 23 (3d Cir.1975). The jurisdictional requirements of the Federal Tort Claims Act are not met where an individual suing for loss of consortium fails to file his or her own separate administrative claim, even if the spouse has already filed an administrative claim. Ferguson v. United States of America, 793 F.Supp. 107, 110 (E.D.Pa. 1992). Finally, plaintiffs bear the burden of showing that they have filed proper administrative claims with the appropriate administrative agency. Livera v. First National State Bank of New Jersey, 879 F.2d 1186, 1195 (3d Cir.1989).

In this case, the United States of America contends that plaintiffs' claims against it must be dismissed because plaintiffs failed to file an administrative claim. The United States relies on the Declaration of Miniard Culpepper, Regional Counsel for the New England Region for the United States Department of Housing and Urban Development that there is no record of any administrative claim ever being received from plaintiffs.[11]

Plaintiffs' Amended Complaint is devoid to any allegation that they filed an administrative claim with any federal agency for the injuries sustained as a result of the federal defendants' negligence. However, plaintiffs attach as Exhibit A to their response to defendants' within motion as

---

**11.** Exhibit A attached to Federal Defendants' Motion to Dismiss and the Memorandum of Law in Support of the Federal Defendants' Motion to Dismiss is the Declaration of Miniard Culpepper. In that Declaration, Attorney Culpepper states that he is the person responsible for supervising the review and processing of all tort claims filed with the United

States Department of Urban Development pursuant to the Federal Tort Claims Act. Pursuant to HUD procedures all administrative claims filed with HUD must be referred to his office for processing under 24 C.F.R. Part 17, Subpart A. A search of Attorney Culpepper's files allegedly indicates that plaintiffs never filed a claim for injury or damages with HUD.

proof of an administrative claim which they purport satisfies the requirement to file an administrative claim. For the following reasons, we disagree.

█ Exhibit A attached to Plaintiff's Response to Federal Defendants' Motion to Dismiss is a letter dated June 28, 2002 from plaintiffs' counsel William E. Haggerty, Esquire addressed to HUD Housing, 100 Penn Square, Philadelphia, Pennsylvania. The June 28, 2002 letter from plaintiffs' counsel provides as follows:

HUD Housing

100 Penn Square

Philadelphia, Pennsylvania 19107

RE: Our Client: William McNiff

Your File No. 441–525141

Date of accident: August 20, 2001

Location: 449 North 11th Street,

Reading, PA 19604

Dear Sir:

Please be advised that this office represents William and Eileen McNiff, 1921 Sterling Place, Lancaster, Pennsylvania for the serious and chronic injuries Mr. McNiff received on August 20, 2001 when he fell due to a defective and dangerous condition of and on the real estate located at 449 North Eleventh Street, Reading, Pennsylvania.

Mr. McNiff's injuries include, but are not limited to, a torn rotator cuff. He has received treatment at Lancaster General Hospital and is under the care of Dr. Gerald Rothaker, an orthopedic surgeon. Mr. McNiff must also undergo intense physical therapy.

At the time of Mr. McNiff's accident, you owned the property where Mr. McNiff fell thereby bringing in the issues of your responsibility to my client. Mr. McNiff has been treated and is under care of various Lancaster healthcare providers, including physicians and physical therapists.

Please forward a copy of this letter to your risk manager.

This letter is premature. Any statutory notice period does not begin to run until you accept your liability or your potential liability is established. In other words, it is presently futile, so the statutory notice requirement does not kick in until it is shown that HUD faces legal liability for this claim.

Finally, please preserve the real estate so that my client and I have the opportunity to inspect and photo/video the property and the defective condition on it.

For the following reasons, we conclude that the letter from plaintiffs' counsel does not satisfy the jurisdictional requirement of making a claim with the proper federal agency.

Initially, we note that nowhere in the letter does it specify the amount of the claim on behalf of either plaintiff. Thus, plaintiffs fail to satisfy the requirement to present a claim with a sum certain to the Department of Housing and Urban Development. In addition, the claim does not state a basis for the claim (i.e. that the claim is for negligence, breach of contract, or some other cause of action).

Moreover, nowhere in the claim does it state that Eileen McNiff is presenting a claim for anything. The letter clearly does not state a claim for Eileen McNiff for loss of consortium. While the letter mentions alleged injuries to William McNiff, it asserts no injuries suffered by Eileen McNiff.

Finally, the second-last paragraph of the letter seems to specifically disclaim that this letter is the required statutory notice. We conclude that this section of the letter is simply Attorney Haggerty's legal conclusions regarding the statutory requirements of the Federal Tort Claims Act and the correctness of those conclusions are of

no import here. However, what is important is that it appears that counsel did not intend for this letter to constitute the required statutory notice.

Accordingly, we conclude that because the letter does not state a sum certain on behalf of either plaintiff and because there is no separate claim made on behalf of plaintiff Eileen McNiff, Exhibit A does not satisfy plaintiffs' burden of establishing that jurisdiction exists with this court. We conclude that we do not have subject matter jurisdiction over the claims against the United States of America. Thus, Counts XIII through XV are dismissed.

### Plaintiff William McNiff's Claims for Breach of Warranty

Notwithstanding our rulings above, we separately address plaintiffs' claims for breach of warranty. Specifically, plaintiffs assert, without citation of any authority, that the state law claims for breach of warranty are contractual in nature, that these claims are not subject to the limitations of the Federal Tort Claims Act, that the individual agencies are proper defendants and that the court has pendent jurisdiction over these claims.

In their reply brief, the federal defendants assert that the court does not have jurisdiction over the breach of warranty claims. Specifically, the federal defendants assert four bases to support their contention that Mr. McNiff's breach of warranty claims should be dismissed.

Initially, defendants assert that the breach of warranty claims are really just tort claims. Second, defendants contend that to the extent that plaintiff William McNiff is seeking to state contract claims in Counts VIII and XI, he fails to satisfy the most basic pleading requirements. Third, that even if plaintiffs' breach of warranty claims were contractual in na-

ture, under the Tucker Act [12] the Court of Federal Claims has exclusive jurisdiction over that claim because the claim seeks more than $10,000. Finally, the federal defendants contend that if there were a contract claim in this matter it is for breach of a contract implied in law over which this court lacks subject matter jurisdiction.

While we agree with the federal defendants on all four points, we conclude that we do not have to address all the points raised by them. In the face of plaintiffs' failure to cite any legal authority in support of their contentions and after our thorough review of the arguments and authorities cited by the federal defendants, we adopt the arguments and legal authorities cited on pages 2 through 5 of the federal defendants' reply brief under the heading: "The District Court Does Not Have Jurisdiction over Plaintiff William McNiff's Breach of Warranty Claims" on issues one, two and four above. The only argument that requires our review is the federal defendants third contention that if plaintiffs' breach of warranty claims are contractual in nature, this court does not have jurisdiction pursuant to the Tucker Act.

Pursuant to the Tucker Act, the Court of Federal Claims has jurisdiction over any claim against the United States of America founded upon any express or implied contract with the United States. *See* 28 U.S.C. § 1491. This court has concurrent jurisdiction with the Court of Federal Claims with respect to contractual claims against the United States where the amount in controversy does not exceed $10,000. 28 U.S.C. § 1346(a)(2). Where a contractual claim is for more than $10,000, the Court of Federal Claims has exclusive jurisdiction over the claim. 28 U.S.C. § 1491.

---

**12.** 28 U.S.C. §§ 1346, 1402, 1491, 1496, 1501, 1503, 2071, 2411, 2501 and 2512.

In this case, plaintiff William McNiff seeks damages in Counts VIII, XI and XIV for breach of warranty for a sum "in an amount in excess of $150,000". Therefore, even if we are incorrect regarding our determinations that his breach of contract claim sounds in tort rather than contract; that he fails to satisfy the most basis pleading requirements for a contract action; and that his claim for the breach of warranty claim is an implied in law contract that may not be brought against the United States, Mr. McNiff cannot maintain his breach of warranty claims in this court because the Court of Federal Claims has exclusive jurisdiction over those claims.

Accordingly, because we determine that we lack subject matter jurisdiction over any of plaintiffs' claims against the federal defendants, we grant the federal defendants' motion to dismiss.

### Plaintiffs' Remaining Claims

Pursuant to a federal court's supplemental jurisdiction, we may entertain state law claims when they are so related to federal claims within the court's original jurisdiction that they form a part of the same case or controversy. 28 U.S.C. § 1367. However, if all federal claims are dismissed before trial, the court should ordinarily dismiss any remaining state law claims as well. *Fortuna's Cab Service v. City of Camden*, 269 F.Supp.2d 562, 566 (D.N.J. 2003).

In this case, original jurisdiction was based on (1) the presence of the United States of America or an employee of the government as a party pursuant to 28 U.S.C. § 1346(b)(1) and (2); (2) alleged federal-question jurisdiction pursuant to 28 U.S.C. § 1331; and (3) the Federal Tort Claims Act. Having determined that all claims against the United States of America and its agencies must be dismissed, the only remaining claims sound in state law. We conclude that there is no federal question jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, plaintiffs do not allege diversity of citizenship between themselves and the remaining defendants. Thus, the court does not have jurisdiction pursuant to 28 U.S.C. § 1332.

Accordingly, we decline to exercise supplemental jurisdiction over the remaining claims. Therefore, Counts I through VI are dismissed.

### CONCLUSION

For all the foregoing reasons, we grant Federal Defendants' Motion to Dismiss for lack of subject matter jurisdiction. In addition, we decline to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Thus, we dismiss plaintiffs' Amended Complaint. Moreover, we grant as unopposed Federal Defendants' Motion to Dismiss [the] Crossclaim of defendants Asset Management Specialists, Inc. and Asset Management Specialists.